**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

Eastern District of Kentucky
FILED
OCT 16 2007
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 07-CV-160-DLB

WILLIAM FREEMAN                                                                                   PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

JOSEPH M. HOOD, ET AL.                                                                    RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

William Freeman, an individual currently in the custody of the Federal Bureau of Prisons ("BOP"), at United States Penitentiary–Big Sandy, in Inez, Kentucky, has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and has now paid the district court filing fee.

The petition and a later-filed memorandum are before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As the Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

## RESPONDENTS

Petitioner names four respondents: (1) Judge Joseph M. Hood; (2) Judge Gregory F. Van Tatenhove; (3) U.S. Attorney General Alberto Gonzales; and (4) Hector Rios, Jr., Warden of the United States Penitentiary-Big Sandy ("U.S.P.-Big Sandy").

## CLAIMS

Petitioner challenges the authority of the federal courts to convict him and the authority of the Bureau of Prisons to hold him, on the ground "that there were not enough legislators present during the 'May 12, 1947 Vote on the H.R. 3190 title 18 Bill to make a Quorum as required under Article 1, § 5, Cl. of our Constitution." [*sic*]

## ALLEGATIONS

Freeman's 11-page petition appears to have been typed or to be a pre-printed petition, with blanks wherein he has hand-written his particulars, such as his name and his choice of Respondents on page 1. On pages 5-6, he again fills in the blanks, writing the relevant dates and information on his conviction, while he summarizes his claims as follows:

> 17. On  9/14/04  petitioner was seized by federal agents working under the Department of Justice acting in the name of the United States of America pursuant to warrants or indictments issued under Public Law 80-772's title 18 provisions, or under Public law 80-773's title 28 provisions and while accused of committing felonious crimes against the corporate straw person United States of America without constitutional authority to execute any sentencing orders under the jurisdiction of Public Law 80–772.

> 18. On  4/18/05  after being adjudicated guilty of the alleged felonious crimes petitioner was committed into the custody of the respondent U.S. Attorney General who in execution of the  8 years 10 mo  sentence imposed by the United States District Court for the  Western District of Kentucky at Louisville  has held petitioner in  USP-Big Sandy  carrying out the execution of the sentence imposed under Public Law 80-772's 18 U.S.C. §§ 361-4128 (June 24, 1948, C. 645, 62 Stat. 815-858) provisions.

2

Record No. 2 at 5-6. In the remainder of the petition, Feeman continues with his legal theories as to the unconstitutionality of the 1947-48 legislation and contends that he exhausted the matter administratively with the BOP to no avail. He seeks immediate release.

Petitioner attaches a few exhibits to the petition. They include the administrative remedy documents, pages from the 1947 Congressional record, and a June 28, 2000, letter from the House of Representatives' Clerk, Jeff Trandahl, to a Charles Degan, in response to an inquiry "requesting information on Title 18." In the latter documentary exhibit, Mr. Trandahl writes, "Congress was in session on June 1, 3, 4, 7-12 and 14-19, 1948, however, Title 18 was not voted on at this time. As you may know, Title 18 covers 845 pages in the U.S. Code and this wording was developed over many years...."

After the Court issued a Deficiency Order regarding the fee herein and before the fee was received, Petitioner submitted a Motion for a Show Cause Order to be directed to the respondents to answer his averments. This 18-page handwritten pleading includes a memorandum wherein he continues with the above arguments. Additionally, Freeman contends that since Public Law 80-772 is not a duly enacted law, "therefore anyone charged thereunder is actually innocent." Petitioner argues that this Court has jurisdiction to free him under the savings clause of 28 U.S.C. § 2255, because the illegality of the laws governing his conviction and sentence "render[s] the petitioner actually innocent in fact and in law."

## DISCUSSION

This Court is familiar with the instant arguments and the attached exhibits because several other USP-Big Sandy prisoners have submitted versions of the same petition and the same exhibits. *See, e.g., Watford v. U.S. Attorney General Alberto* Gonzalez, Lexington No. 06-CV-328-JMH and

*Hall v. Gonzales*, Pikeville No. 07-006-GFVT. Not one, however, has stated a claim upon which this Court may grant relief.

To the extent that Freeman attacks his conviction in the trial court, the sentence handed down there, or its commitment of him to the custody of the BOP, he is advised that he is barred from using this Court's Section 2241 jurisdiction to challenge the criminal judgment of another district court, unless he can prove that his remedy by a Section 2255 motion to that court is inadequate or ineffective to challenge the legality of his detention. *See* 28 U.S.C. § 2255, ¶ 5 ("the saving clause"); *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Use of the "savings clause" of Section 2255, therefore, is conditioned upon a demonstration of the inadequacy and ineffectiveness of the prisoner's remedy via a Section 2255 motion to the trial court, and it is a high threshold to cross under *Charles* and *Martin*. Petitioner uses this "inadequate or ineffective" language of the savings clause. However, he offers no reason for why he deems his remedy via a Section 2255 motion to be inadequate or ineffective. He even admits that there has been no change in the law since his incarceration.

Further, since the issue of the federal courts' authority to convict and the BOP's authority to hold prisoners for service of their sentences purportedly arose in 1948, there is little likelihood that any petitioner raising such a claim today can meet this inadequate and ineffective standard. Any person sentenced after 1948, including the Petitioner herein, could have raised the claim upon several earlier opportunities -- at arraignment, at sentencing, on a direct appeal, or via a § 2255 motion still later.

Finally, Freeman is advised that his "actual innocence" allegation also does not satisfy the requirements for use of this Court's Section 2241 jurisdiction under the savings clause. A

4

petitioner's innocence claim must be one of "actual innocence" *of the crime for which he was convicted*, as that term is defined in *Bousley v. United States,* 523 U.S. 614 (1998). This "actual innocence" has been defined as "factual innocence, not mere legal insufficiency." *Sawyer v. Holder,* 326 F.3d 1363, 1367 (11th Cir.2003) (citing *Bousley,* 523 U.S. at 623).

Having failed to show that his remedy by a Section 2255 motion was inadequate and ineffective or that he is factually innocent, Petitioner Freeman may not proceed with his claims pursuant to this Court's jurisdiction under 28 U.S.C. § 2241.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Petitioner William Freeman's petition for writ of habeas corpus is **DENIED**;

(2) Petitioner's Motion for a Show Cause Order [Record No. 4] is **DENIED** as moot;

(3) Petitioner's Motion to Proceed *in forma pauperis* [Record No. 6] is **DENIED**, as moot, the filing fee having been paid.

(4) this action shall be **DISMISSED**, *sua sponte*, from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondents.

This 16th day of October, 2007.



Signed By:
David L. Bunning
United States District Judge